NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-2

STATE OF LOUISIANA

VERSUS

TEVIN TEVONTE JENKINS

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 17-K-3670-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Sylvia R. Cooks, D. Kent Savoie, and Candyce G. Perret, Judges.

CONVICTION AND SENTENCE VACATED, REMANDED.

**Earl B. Taylor**
**Attorney at Law**
**Post Office Drawer 1149**
**Opelousas, LA   70571**
**(337) 948-3007**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Kathleen E. Ryan**
**Morrow, Morrow, Ryan**
**Post Office Drawer 1787**
**Opelousas, LA   70571-1787**
**(337) 948-4483**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Jeffrey M. Landry**
**Attorney General**
**Post Office Box 94005**
**Baton Rouge, LA   70804**
**(225) 326-6200**
**COUNSEL FOR OTHER APPELLEE:**
**Attorney General for the State of Louisiana**

**Douglas Lee Harville**
**Louisiana Appellate Project**
**Post Office Box 52988**
**Shreveport, LA  71135**
**(318) 222-1700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Tevin Tevonte Jenkins**

**Tevin Tevonte Jenkins**
**Louisiana State Prison**
**Camp C Bear 2**
**Angola, LA   70712**
**IN PROPER PERSON**

**PERRET, Judge.**

Defendant, Tevin Tevonte Jenkins, appeals his conviction and sentence for second degree murder. For the reasons that follow, we vacate Defendant's non-unanimous conviction and sentence and remand for a new trial on the charge of second degree murder.

**FACTS:**

On October 31, 2017, a grand jury indicted Defendant and Tyrone Trayune Ned for the August 9, 2016 second degree murder of Rodney Joseph Savoy, Jr., in violation of La.R.S. 14:30.1. Defendant filed a motion to declare La.Code Crim.P. art. 782(A) unconstitutional on August 9, 2019; the trial court found the statute constitutional on August 15, 2019.

A jury convicted Defendant as charged by a ten-to-two verdict on August 30, 2019. Thereafter, the trial court sentenced Defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on October 30, 2019. This appeal followed.[1]

On appeal, Defendant alleges the following two assignments of error: (1) the jury instruction allowing for a non-unanimous verdict and the jury's 10-2 verdict of guilt violated his Sixth Amendment rights, and (2) there was sufficient evidence to establish that he acted in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection, such that no reasonable juror could have found beyond a reasonable doubt that he committed second degree murder.

---

[1]Although briefing deadlines for both the Defendant and the Louisiana Attorney General have been suspended because of the COVID-19 pandemic, we find that the *Ramos v. Louisiana*, 590 U.S. ___, ___ S.Ct. ___ (2020) ruling controls the decision in this case regardless of any arguments that might be stated in any brief Defendant or the State might file.

**DISCUSSION:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent that is raised and discussed in Defendant's assignment of error number one. Specifically, Defendant contends that the version of La.Code Crim.P. art. 782 in effect at the time of this murder was unconstitutional because it allowed for a non-unanimous jury verdict.

On April 20, 2020, the United States Supreme Court ruled Louisiana's provision for a non-unanimous verdict was unconstitutional. *Ramos v. Louisiana*, 590 U.S. ___, ___ S.Ct. ___ (2020).[2] Although the concurring justices did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that non-unanimous verdicts are not permitted by the Sixth Amendment to the Constitution. The prohibition applies to the states through the Fourteenth Amendment and, because Defendant's case is pending on direct review, the Supreme Court's decision in *Ramos* applies here. *See Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"). Accordingly, because the *Ramos* holding applies in this case and invalidates the Defendant's conviction by a non-unanimous jury verdict, any discussion of the Defendant's other assignment of error is rendered moot.

For the foregoing reasons, Defendant's conviction and sentence are vacated and the case is remanded to the trial court for a new trial on the charge of second degree murder.

---

[2]The Westlaw citation is 2020 WL 1906545.

2

**CONVICTION AND SENTENCE VACATED, REMANDED.**


This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3